# ADDIE ROHN
## v.
## CITY OF BEARDSTOWN.

*Ferries—Regulation of Rates—Reservation to City—Exercise of Right Must be Reasonable.*

1. A private statute granting a ferry privilege, and containing the provision that a certain city shall have the right to regulate and control the rates of toll, implies that such regulation shall be reasonable.

2. In the case presented this court holds that, in view of the evidence, the judgment of the court below, upholding as reasonable the rates established by the city, which are herein complained of, should not be disturbed.

[Opinion filed February 14, 1890.]

APPEAL from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

In the case at bar the ferry owners accepted the charter under the provision that the city should determine the rates of ferriage. But that would only mean such rates as were reasonable. The enforcement of this ordinance would destroy the business of appellant. Hence the ordinance is in restraint of trade, and therefore invalid. T., W. & W. R. R. Co. v. Jacksonville, 67 Ill. 37; Chicago v. Rumpff, 45 Ill. 90; Caldwell v. Alton, 33 Ill. 416; C., C. I. & P. R. R. Co. v. Joliet, 79 Ill. 44; Bloomington v. Wahl, 46 Ill. 489; Gridley v. Bloomington, 88 Ill. 554; see, also, Clinton v. Phillips, 58 Ill. 102; Trustees v. People, 87 Ill. 303; Ruleson v. Post, 79 Ill. 567; 1 Dillon on Municipal Corp., Sec. 319, p. 331, 3d Ed.; Robinson v. Mayor, etc., 1 Humph. 156, reported in 34 Am Dec. 625, with copious notes on page 633.

Messrs. B. F. THACKER and A. A. LEEPER, for appellee.

WALL, J. The General Assembly passed an act which was approved February 26, 1867, granting to Luther A. Jones and

Seth Thompson a ferry franchise on the Illinois river, at Beardstown, for the term of twenty-five years.

The privilege so conferred was subject to the payment of $200 per annum for a license to the city of Beardstown, and to the provision that the said city should "have the right to regulate and control the rates of toll for crossing the said ferry."

On the 6th of August, 1889, the city for the first time, so far as disclosed by the record, assumed to exercise the power to fix the rates, and passed an ordinance making them much lower than had previously been charged, and imposed a fine for non-compliance therewith.

Appellant, who claims to own the franchise by purchase from the original grantees, and who was operating the ferry when said ordinance was adopted, was sued by the city for charging in excess of the ordinance rates. The cause was tried by the court by consent, and there was judgment for the city, the propriety of which is now presented by the errors assigned.

The only question is whether said ordinance is a valid exercise of the power conferred by said act.

It is suggested on behalf of the city that the power reserved in the act to the city to fix the rates is without limitation, and rests upon the same ground as though it had been reserved to the legislature. We are of opinion that the city was vested with all the power which would have remained in the State had the reservation been generally to the legislature to fix said rates, and the inquiry would then be whether they might have been placed at any figure, or whether the limitation or condition that they should be reasonable was implied.

The object of granting the franchise was to benefit, not only the grantee, but the public, and it is not to be presumed that such a grant would have been desired if coupled with the condition that the property employed and the money invested might at any time be rendered worthless by a ruinous reduction of the rates, and where such power of control is reserved it is fairly implied that it should be exercised reasonably, otherwise not only the grantee but the public would suffer.

If this be not so the most unjust and unfortunate consequences might result, and we are not disposed to assume that the legislature so intended.

While the letter of the provision is that the city may "regulate and control the rates," the spirit thereof requires that such regulation and control must be so exercised as to preserve and not destroy the subject-matter, and by placing proper limits and restrictions upon the rates, carry out and accomplish the general purpose which led the legislature to confer the privilege, thus securing to the public the valuable and necessary service which the ferry would be able to render at rates that would be reasonable and fairly remunerative to the owner of the franchise. So the inquiry is narrowed down to the mere question of fact, were the rates fixed unreasonably low?

Perhaps it is more accurate to regard this as a mixed question of law and fact, for it to some extent involves both. What items should be considered as a proper basis of the calculation?

What are the necessary fixed charges? First, all necessary expenses; second, interest on the investment.

In the first item should be counted not only current and useful expenses but some per centum for annual repairs and depreciation in value, and in the second it would be important to know not merely what had been the cost of the outfit—the plant—but what it should be or should have been by good management and careful construction.

An unreasonably expensive supply of boats or other appliances, constructed and provided regardless of cost, ought not to furnish in whole or in part the basis for an interest charge. We do not find in this record such information on this point, as to the cost or real value of the property, as would be useful in forming a correct estimate in regard thereto. There is also a want of accurate and certain evidence in reference to the receipts and current expenses. It is probable that an increased and growing traffic induced by low rates will compensate partially if not wholly for the reduction, but this can not well be known until more time has elapsed. The

ordinance had been in force but a brief period before the trial, and the testimony as to what the result had been, as well as the opinions of witnesses as to what it would be, was far from convincing on either side. The presumption is that the rates fixed by the ordinance are fair and reasonable, and the burden is upon appellant to show the contrary. All considered we are not prepared to say that the finding of the court is so manifestly against the rights of appellant as to require our interference. The judgment will be affirmed.

*Judgment affirmed.*